IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| JENNIFER BACKUS, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| COUNTRY CLUB, INC. d/b/a GOLD | : | |
| RUSH SHOWBAR, | : | |
| | : | |
| | : | |
| Defendant. | : | |

---

## COMPLAINT

---

Plaintiff Jennifer Backus ("Ms. Backus"), through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Country Club, Inc. d/b/a Gold Rush Showbar ("Country Club" or "Defendant") and shows the Court as follows:

### INTRODUCTION

This is an FLSA case. Defendant required Ms. Backus—a tipped employee—to participate in an illegal tip sharing pool and to kickback portions of her earnings for their benefit. As a result, Ms. Backus was paid less than the required minimum wage.

**JURISDICTION AND VENUE**

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Country Club is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

3.

Ms. Backus resides in Fulton County, Georgia.

4.

Country Club is a corporation organized under the laws of the State of Georgia.

5.

Country Club is subject to the personal jurisdiction of this Court.

6.

Country Club may be served with process through its registered agent Dennis
Williams, Esquire located at 2555 Chantilly Drive, Atlanta, Georgia 30324.

FACTUAL ALLEGATIONS

7.

Country Club employed Ms. Backus as a server and bartender at its club known as
Gold Rush Showbar in Atlanta, Georgia from July 5, 2013 through August 2013 and
again from December 2013 through the present date.

8.

The primary business of Defendant is to provide entertainment in the form of nude
and semi-nude dancers as well as to sell alcoholic beverages to customers of the club.

9.

At all times material hereto, Ms. Backus has been an "employee" of Country Club as
defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1)

10.

At all times compensable from on or about July 5, 2013 through the date of filing of
the within action, Ms. Backus has been "engaged in commerce" as an employee of
Country Club as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

11.

At all times material hereto, Country Club has been an "employer" of Ms. Backus as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

At all times compensable from on or about July 5, 2013 through the date of filing of the within action, Country Club has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

13.

At all times material hereto, Gold Rush Showbar has been an enterprise engaging in interstate commerce by having multiple employees, including Ms. Backus, regularly selling alcoholic beverages produced and shipped from outside of the State of Georgia, regularly serving foods produced and shipped from outside of the State of Georgia, and having multiple employees, including Ms. Backus, regularly processing out-of-state credit card sales in the furtherance of their business.

14.

During 2013, Country Club had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2014, Country Club had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2015, Country Club had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Country Club had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Country Club had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2015, Country Club had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2013, Country Club  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Country Club  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Country Club  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Country Club has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

At all times material hereto, Ms. Backus was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

25.

At all times material hereto, Defendant paid Ms. Backus at a rate of $2.13 per hour.

26.

Gold Rush Showbar's Manager "Sylvia" advised Ms. Backus that she should record inaccurate information on her tips when filling out Defendant's documentation.

27.

At all times compensable from July 2013 until January 2014, Ms. Backus regularly worked Wednesdays, Thursdays, Fridays and Saturdays from 7:30 p.m. through 3:30 a.m.

28.

At all times compensable from approximately late January 2014 until early May 2014, Ms. Backus regularly worked Tuesdays, Wednesdays, Thursdays, Fridays and Saturdays from 7:30 p.m. through 3:30 a.m.

29.

At all times compensable from approximately May 2014 until August 2014, Ms. Backus regularly worked Wednesdays from 10:00 p.m. through 3:30 a.m. and Fridays and Saturdays from 7:30 p.m. through 3:30 a.m.

30.

At all times compensable from approximately late August 2014 until the date of filing of the within action, Ms. Backus regularly worked Fridays and Saturdays from 7:30 p.m. through 3:30 a.m.

31.

During the course of her employment, Ms. Backus paid $25.00 to attend a meeting on a Saturday for approximately two hours. Defendant did not compensate Ms. Backus for this time.

32.

During the course of her employment, Ms. Backus was charged $70 for her uniform / costume including a $25.00 fitting fee.

33.

Defendant failed to inform Ms. Backus of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

34.

At all times material hereto, Defendant required Ms. Backus to pay a portion of her tips as "fees" to Defendant and its owners, agents, and employees.

35.

At all times material hereto, Defendant required Ms. Backus to pay "fees" to Defendant's employees, including but not limited to "floor men", bartenders, bar backs, valets, and front door personnel.

36.

At all times material hereto, Defendant required Ms. Backus to pay "floor men" a fee of $8-$13 per shift.

37.

At all times material hereto, Defendant required Ms. Backus to pay bartenders 10% of her tips per shift.

38.

At all times material hereto, Defendant required Ms. Backus to pay bar backs $5.00 per shift.

39.

At all times material hereto, Defendant required Ms. Backus to pay valets $3.00 per shift.

40.

At all times material hereto, Defendant required Ms. Backus to pay front door personnel $2.00 per shift.

41.

At all times material hereto, Defendants required Ms. Backus to pay a portion of her tips to Defendant and their agents and employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

42.

At all times material hereto, Defendant failed to pay Ms. Backus minimum wages as required by 29 U.S.C. § 201 et seq.

43.

At all times material hereto, Defendants willfully failed to pay Ms. Backus minimum wages as required by 29 U.S.C. § 201 et seq.

44.

At all times material hereto, Defendant failed to "post and keep posted a notice explaining the [FLSA] ... in [a] conspicuous place]," as required by 29 CFR § 516.4.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

45.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

46.

At all times material hereto, Ms. Backus  has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

47.

At all times compensable from on or about July 5, 2013 through the date of filing of the within action, Defendant failed to compensate Ms. Backus  at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

48.

At all times compensable from on or about July 5, 2013 through the date of filing of the within action, Defendant intentionally and willfully failed to compensate Ms. Backus at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

49.

Ms. Backus is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

At all times material hereto, Defendant required Ms. Backus to pay a portion of her tips to Defendant's employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

51.

Defendant's requirement that fees to be paid by Ms. Backus to Defendant and their agents and employees violated the "free and clear" requirement of 29 CFR 531.35.

52.

As a result of the underpayment of minimum wages as alleged above, Ms. Backus  is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of the underpayment of minimum wages, Defendant is liable to Ms. Backus for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Ms. Backus respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorney's fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
| | *Delong Caldwell Bridgers* |
| | *& Fitzpatrick, LLC* |
| 3100 Centennial Tower | |
| 101 Marietta Street | |
| Atlanta, Georgia 30303 | */s/ Michael A. Caldwell* |
| (404) 979-3171 | Michael A. Caldwell |
| (404) 979-3170 (f) | GA. Bar No. 102775 |
| Michaelcaldwell@dcbflegal.com | |
| Charlesbridgers@dcbflegal.com | */s/Charles R. Bridgers* |
| Matthew.herrington@dcbflegal.com | Charles R. Bridgers |
| | Ga. Bar No. 080791 |
| | |
| | */s/ Matthew W. Herrington* |
| | Matthew W. Herrington |
| | Ga. Bar No. 275411 |
| | COUNSEL FOR PLAINTIFF |